IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EARLE DeWAYNE PHIFFER,

           OPINION AND ORDER

       Plaintiff,

           12-cv-359-bbc

   v.

MICHAEL J. BYRON, MICHAEL R.
FITZPATRICK, CHARLES P. DYKMAN,
PAUL J. LUNDSTEN, PAUL B.
HIGGENBOTHAM, BARBARA B. CRABB
and JOSHUA KLAFF,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed complaint for monetary damages under 42 U.S.C. § 1983, pro se plaintiff Earle Dewayne Phiffer contends that defendants violated his rights under the Eighth Amendment by denying him sentencing credit for time served. Plaintiff has also filed a motion for appointment of counsel. Dkt. #2.

      As a prisoner proceeding in forma pauperis, plaintiff is subject to the 1996 Prisoner Litigation Reform Act, so I must screen his amended complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint liberally. Haines v. Kerner, 404 U.S. 519, 521 (1972).

      As an initial matter, I note that plaintiff has named me as a defendant. A judge need

1

not automatically recuse herself from a case merely because she was named as a defendant. In re Specht, 622 F.3d 697, 700 (7th Cir. 2010) (courts are not forced to succumb to "easy manipulation" of recusal rules by mandating that judge step aside when plaintiff names judge as defendant). The complaint contains no allegations about any actions that I have taken or failed to take that deprived plaintiff of any of his rights, so I will not recuse myself.

Having reviewed the complaint, I conclude that it must be dismissed because plaintiff is seeking money damages from defendants who may not be sued under 42 U.S.C. § 1983 and because his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). I will deny the motion for appointment of counsel as moot.

Plaintiff has alleged the following relevant facts.

ALLEGATIONS OF FACT

Plaintiff is incarcerated at the Fox Lake Correctional Institution. Defendants Michael J. Byron and Michael R. Fitzpatrick are judges for the Circuit Court for Rock County, Wisconsin. Defendants Charles P. Dykman, Paul B. Higgenbotham and Paul J. Lundsten are judges for the Wisconsin Court of Appeals. Defendant Joshua Klaff is a state public defender in Rock County.

On November 12, 2002, plaintiff was arrested and charged with second-degree child sexual assault. Wisconsin v. Phiffer, Case No. 2002CF0003370 (Rock Co.). He was convicted on August 19, 2003 and sentenced on November 17, 2003 to eight years of confinement and seven years of extended supervision. He received 21 days of sentencing credit for time spent in custody.

On January 10, 2003, while awaiting trial on the sexual assault charges, plaintiff was arrested and incarcerated on charges of fleeing an officer. He was convicted of obstructing an officer, vehicular flight and second-degree recklessly endangering safety on January 8, 2008. Wisconsin v. Phiffer, Case No. 2003CF000133 (Rock Co.). He was sentenced to nine months' confinement for each of the first two counts and two years' confinement and two years' extended supervision for the third count. The sentences were to run concurrently with one another but consecutively to his sentence for sexual assault.

Defendant Klaff served as plaintiff's trial and sentencing counsel for the obstruction, flight and reckless endangerment charges. During the sentencing hearing, defendants Klaff and Judge Byron discussed whether plaintiff was entitled to sentencing credit under Wis. Stat. § 973.155 for the time he was incarcerated between the arrest for fleeing an officer and his sentencing on the sexual assault conviction. Both Klaff and Judge Byron were uncertain about the proposed sentencing credit, and Klaff stated that he was unable to find plaintiff's judgment of conviction. Judge Byron found that plaintiff was not entitled to credit but allowed Klaff additional time to make his argument. Klaff filed a motion for post conviction relief, which Judge Byron denied.

Plaintiff appealed the decision to deny him sentencing credit for time he had been in custody awaiting trial and sentencing. On January 28, 2010, defendants Dykman, Lundsten and Higgenbotham entered an order affirming the circuit court decision.

On February 2, 2009, plaintiff pleaded guilty to bail violations for the sexual assaults that occurred on November 1, 2001 and March 31, 2002. Judge Byron sentenced plaintiff

3

to another year in prison and four more years of supervised release, to run consecutively to the prior sentences.

As a result of the incorrect decision about his sentencing credit, plaintiff is serving two extra years of prison time.

OPINION

As an initial matter, the complaint contains no allegations to suggest that either defendant Fitzpatrick or I violated his rights. Accordingly, the complaint will be dismissed as to defendant Fitzpatrick and me.

The remaining defendants must be dismissed because they cannot be sued under § 1983. Defendants Byron, Dykman, Lundsten and Higgenbotham are entitled to absolute judicial immunity when they are sued for decisions made in their official capacity. Under both federal and state law, judges cannot be sued for acts taken in their capacity as judges. Mireles v. Waco, 502 U.S. 9 (1991); Abdella v. Catlin, 79 Wis. 2d 270, 279, 255 N.W.2d 516 (1977). The principle of judicial immunity recognizes that "[a]lthough unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Mireles, 502 U.S. at 10 (citation and quotation marks omitted).

Plaintiff cannot sue defendant Klaff under § 1983 for inadequate representation during the trial and sentencing proceedings. Lawsuits under § 1983 are limited to persons

4

who act on behalf of the government or exercise government authority. United States v. Classic, 313 U.S. 299, 326 (1941). Although public defenders are paid by the government, they are not "state actors" because in all other ways they are no different from a private attorney representing a client. Polk County v. Dodson, 454 U.S. 312 (1981). Accordingly, the claim against Klaff must be dismissed as well.

Even if defendants were not immune from suit, plaintiff's claim has another problem that he cannot overcome. Plaintiff's alleged injury is two additional years of incarceration. If plaintiff were to prevail on these claims, it would necessarily imply that his sentence is invalid. Under Preiser v. Rodriguez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477 (1994), prisoners cannot use 42 U.S.C. § 1983 to challenge their convictions or sentences. If a state prisoner wishes to overturn his sentence in federal court, he must file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. It does not matter that plaintiff seeks money damages rather than re-sentencing. Even if a prisoner is not asking for earlier release as a remedy, a suit under § 1983 is not an option if success on the prisoner's claim would necessarily *imply* that his sentence is invalid. In that case, the prisoner may not seek damages under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487.

In this case, plaintiff has already filed a petition under § 2254 that was denied on its

5

merits. Phiffer v. Grams, Case No. 10-cv-400-bbc (W.D. Wis.). Plaintiff is not entitled to bring an action under § 1983 simply because his other attempts to challenge his sentence have failed.

Because I am dismissing plaintiff's § 1983 claims for failure to state a claim, I will deny his motion for appointment of counsel as moot.


ORDER

IT IS ORDERED that

1. Plaintiff Earle Dewayne Phiffer's complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2. Plaintiff's motion for appointment of counsel (dkt. #2) is DENIED as moot.

3. A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

4. Plaintiff is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a letter to the warden of plaintiff's institution informing the warden of the obligation under Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), to deduct payments from plaintiff's trust fund account until the filing fee has been paid in full.

5. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 21st day of August, 2012.

BY THE COURT:

/s/

BARBARA B. CRABB

District Judge